IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

SILVIANO MORA VERA,
    Petitioner,

v.
                                  Civil No. 3:26cv30 (DJN)

JEFF CRAWFORD, *et al.*,
    Respondents.

## ORDER
### (Directing Response to 28 U.S.C. § 2241 Petition)

This matter comes before the Court on Petitioner Silviano Mora Vera's ("Petitioner") Petition for Writ of Habeas Corpus (ECF No. 1 ("Petition" or "Pet.")). Petitioner, a federal detainee with counsel, submitted a petition under 28 U.S.C. § 2241, signed the petition and paid the full filing fee on January 13, 2026. (ECF No. 1). Upon consideration of Petitioner's payment of the full filing fee and the petition for a writ of habeas corpus, the Court finds that the petition complies with Rule 2(c)(5) of the Rules Governing § 2254 Cases[1] in U.S. District Courts. Service shall be made upon Respondents by electronically transmitting a copy of this Memorandum Order and the Petition to the United States Attorney for this District.

The Court notes that the Petition contains a request that this Court issue an Order to Show Cause directing Respondents to respond to the petition within three days. (Pet. at 18.) The Court DENIES this request.

---

[1] Rule 1(b) of the Rules Governing § 2254 Cases permits this Court to apply the Rules Governing § 2254 Cases to petitions under 28 U.S.C. § 2241. Rule 1(b), Rules Governing § 2254 Cases; *see Aguayo v. Harvey*, 476 F.3d 971, 976 (D.C. Cir. 2007).

In 1948, Congress enacted § 2243 to govern the issuance of writs of habeas corpus, the returns or answers of respondents, and hearings and decisions on petitions for writs of habeas corpus. *Castillo v. Pratt*, 162 F. Supp. 2d 575, 576 (N.D. Tex. 2001). It provides, in relevant part:

> A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.
>
> The writ, or order to show cause shall be directed to the person having custody of the person detained. It shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.
>
> The person to whom the writ or order is directed shall make a return certifying the true cause of the detention.
>
> When the writ or order is returned a day shall be set for hearing, not more than five days after the return unless for good cause additional time is allowed.

*Id.* at 576; 28 U.S.C. § 2243.

Although petitions under § 2241 were initially "governed by the aggressive time limits laid out in § 2243, such petitions are now governed by the § 2254 Rules," enacted in 1976. *D.G.L. v. Collins*, 2020 WL 10355163, at *2 (W.D. Tex. Nov. 18, 2020) (citing *Castillo*, 162 F. Supp. 2d at 577). Under Rule 1, courts in their discretion may apply the rules to habeas petitions other than those arising under § 2254, including § 2241 petitions. *Id.*; § 2254 Rules at Rule 1. Rule 4 states that, "[i]f the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order." *Collins*, 2020 WL 10355163, at *2; § 2254 Rules at Rule 4. Rule 12 further provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." *Collins,* 2020 WL 10355163, at *2; § 2254 Rules at Rule 12.

2

Generally, under §§ 2241 and 2243, a court may "adjust the scope of [a] writ in accordance with equitable and prudential considerations." *Danforth v. Minnesota*, 552 U.S. 264, 278 (2008). More specifically, the three-day time limit referenced in § 2243 is "subordinate to the Court's discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases," which are applicable to petitions filed under § 2241. *See Maniar v. Warden Pine Prairie Corr. Ctr.*, 2018 WL 4869383, at *1 (W.D. La. May 2, 2018); *see also Taylor v. Gusman*, 2020 WL 1848073, at *2 (E.D. La. Apr. 13, 2020). Given this discretion under Rule 4, then, a court may "order [a] respondent to file an answer, motion, or other response within a fixed time, or . . . [may] take other action" in its discretion. *Zarefard v. Noem*, 2025 WL 1805864, at *2 (W.D. La. June 30, 2025); *see Castillo,* 162 F. Supp. 2d at 577 (noting a court's discretion under Rule 4 "prevails" over the strict time limits of § 2243). Further, before requiring a response or holding a hearing, courts may provide a respondent time to conduct a reasonable investigation. *Zarefard*, 2025 WL 1805864, at *2; *see, e.g., Baker v. Middlebrooks*, 2008 WL 938725, at *1 (N.D. Fla. Apr. 8, 2008) (allowing 60 days to respond to a § 2241 habeas petition); *Hickey v. Adler*, 2008 WL 3835764, at *1 (E.D. Cal. Aug. 15, 2008) (same).

Exercising its discretionary authority to set deadlines under Rule 4 of the Rules Governing § 2254 Cases, which are applicable to petitions filed under § 2241, *Maniar*, 2018 WL 4869383, at *1, the Court DENIES Petitioner's request for issuance of an Order to Show Cause and instead ORDERS Respondents to file a responsive pleading within sixty (60) days of the receipt of this Memorandum Order. Courts in other jurisdictions have deemed a sixty-day timeframe for filing responsive pleadings to be "warranted, commonplace, and reasonable under Rule 4," *Zarefard*, WL 1805864, at *2, and thus the Court does not find the sixty-day timeframe to be unreasonable.

3

Rule 7(E) of the Local Rules for the United States District Court for the Eastern District of Virginia shall not apply to this action.

Let the Clerk file a copy of the Order electronically and send a copy to counsel for Petitioner.

It is so ORDERED.

_____/s/_____
David J. Novak
United States District Judge

Richmond, Virginia
Dated: January 15, 2026

4